FILED
CLERK
December 12, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
DANIEL HAMPTON,

            Plaintiff,

    -against-

DENIS MCDONOUGH, in his Official Capacity as
Secretary of the United States Department of
Veterans Affairs,

            Defendant.
-------------------------------------------------------------X

**ORDER**
17-cv-05711 (JMW)

**A P P E A R A N C E S:**

Thomas Ricotta, Esq.
**Ricotta & Marks, P.C.**
24-11 41st Avenue
Long Island City, New York 11101
Attorney for Plaintiff

Megan Jeanette Freismuth, Esq.
**Assistant United States Attorney**
United States Attorney's Office
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722
Attorney for Defendant

**WICKS,** Magistrate Judge:

       This case arises out of the claim that Defendant[1] retaliated against the Plaintiff for making complaints about harassment and discrimination by the Veteran Affairs Medical Center ("VAMC") in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII").  Jury selection for trial is scheduled for January 30, 2023.  Presently before the Court is Defendant's motion *in limine* (DE 60) seeking to preclude the introduction of two of

---

[1] As originally brought, the named Defendant was Robert Wilkie.  However, Denis McDonough is automatically substituted for Robert Wilkie as a Defendant in accordance with Fed. R. Civ. P. 25(d).

1

Plaintiff's proposed trial exhibits, namely, Plaintiff's Exhibit 6 (consisting of pay stubs or earnings statements from Northwell /Southside Hospital and the VAMC, the New York General Schedule Pay Scales for 2016 and 2021, and Salary Table 2021-NY) and Plaintiff's Exhibit 7 (letter prepared by Plaintiff's healthcare provider, Leonard Schwartz, Ph.D. ("Dr. Schwartz")). Needless to say, Plaintiff opposes the application. (DE 65.)

For the following reasons, the motion (DE 60) is granted in part and denied in part.

## BACKGROUND

The Plaintiff accepted temporary appointment at the VAMC in Northport, New York as a Medical Supply Technician with the Sterile Processing Service in December 2009. (DE 55 at ¶ 4.) He commenced this action against the Secretary of the United States Department of Veterans Affairs, in his official capacity, claiming hostile work environment, retaliation, *quid pro quo* sexual harassment, and an atmosphere of adverse actions in violation of Title VII, through the alleged acts of harassment by his immediate supervisor, Joan Maggiore. (DE 51.) The retaliation claim alleges, *inter alia*, that Plaintiff was terminated because of his complaints and discrimination. (DE 1 at ¶ 88.)

Discovery closed on February 28, 2019. (*See* Electronic Order, dated Dec. 11, 2018.) On August 9, 2021, the Court granted the Defendant's motion for summary judgment and dismissed all of Plaintiff's claims except for his Title VII retaliation claim which remains for trial. (DE 51.) As to the retaliation claim, the Court found that the plaintiff engaged in a protected activity by filing a complaint with the EEO and that the employer was aware of that activity, as these facts were not disputed by the parties. (*Id.*) The Court found that a genuine issue of material fact existed as to whether Plaintiff's termination would dissuade a reasonable worker from making a charge of discrimination (*id.*) and whether VAMC would not have

2

engaged in the adverse employment action if it were not for the fact that Plaintiff filed an EEO claim. (*Id.*) On February 23, 2022, the parties filed their Joint Pre-trial Order ("JPTO"). (DE 55.) Defendant thereafter filed the instant motion *in limine*.

## DISCUSSION

### I. Motion *in Limine* Standard

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) (citing *Luce v. United States,* 469 U.S. 38, 40 n. 2 (1984)). "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce*, 469 U.S. at 41 n. 4; *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (recognizing the procedure). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Gorbea v. Verizon New York, Inc.*, No. 11-CV-3758 (KAM) (LB), 2014 WL 2916964, at *1 (E.D.N.Y. June 25, 2014) (quoting *United States v. Paredes,* 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001)).[2]

It is against this backdrop that the Court considers the present motion to exclude.

### II. The Relief Sought

Defendant seeks to exclude from being introduced into evidence two exhibits identified by Plaintiff on the JPTO, namely, Plaintiff's Exhibits 6 and 7. Both according to Plaintiff are so-called "damages documents." (DE 65.) Exhibit 6 includes a collection of documents that include Plaintiff's April and December 2015 VAMC pay stubs, a July 2021 Southside

---

[2] Even though an in limine ruling is made pre-trial, the ruling may nevertheless be reviewed at trial, and "'the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.'" *Great Earth Intern. Franchising Corp. v. Milks Dev.,* 311 F. Supp.2d 419, 424 (S.D.N.Y. 2004) (quoting *Luce,* 469 U.S. at 41-42).

3

Hospital/Northwell pay stub, a document entitled "New York General Pay Scales from 2016 and 2021," and a "Salary Table 2021-NY." (DE 60-2.) Exhibit 7 is a redacted one-page letter[3] from Leonard Schwartz, Ph.D., dated June 11, 2019, and addressed to "Whom It May Concern." (DE 60-1). Dr. Schwartz was identified by plaintiff as a "fact" witness on the JPTO. (DE 55 at § 5.)

Each exhibit is considered in turn.

### A. Exhibit 6: Pay-related Documents

Defendant argues generally that Plaintiff was required to produce documents that support his damages during discovery and should not be permitted to introduce documents that were produced after discovery had concluded, and where no foundation had been laid regarding lost wages. (DE 60 at 1-2.) In this regard, Magistrate Judge Shields' Order concerning employment case protocols required Plaintiff to produce documents concerning "income and benefits of subsequent employment" and "any other document(s) upon which the plaintiff relies to support the plaintiff's claims." (*Id.* at 1.) Defendant asserts that, other than stating that Plaintiff had different counsel during discovery, Plaintiff has not offered any explanation why the documents were not timely produced, and that Plaintiff has not provided Defendant with any calculations of damages despite Defendant's request. (*Id.* at 1.)

Moreover, Defendant argues that the introduction of these documents to prove damages based on a step increase is speculative and prejudicial. (*Id.* at 2.) Defendant reasons that it was not on notice that Plaintiff's damage calculations,[4] which still remain undisclosed, would include the claim that Plaintiff would have received step increases. (*Id.*) Furthermore, Plaintiff did not

---

[3] The document, while redacted, was not filed under seal. No motion to seal was made, but Defendant provided the Court with an unredacted version for in camera review.

[4] There is no indication from the record whether any of these documents were ever disclosed in the parties' initial automatic disclosures under Fed. R. Civ. P. 26(a)(1)(A)((ii) and (iii), or whether the automatic disclosures were ever supplemented under Fed. R. Civ. P. 26(e).

4

conduct discovery on this issue, and, specifically, when deposing VAMC Supervisory HR Specialist Wilmeno Sainbert, there were no questions asked relating to "wages, pay step increases, or anything related to a claim for past wage damages," therefore it would be "prejudicial at this stage in the litigation to task a VAMC witness, for purposes of either cross-examination or Defendant's overall defense" to ascertain whether Plaintiff would have been entitled to a pay step increases.  (*Id.*)

Finally, Defendant argues that the documents should be excluded because the documents are prejudicial and unreliable.  (*Id.* at 2)   In particular, Defendant asserts that the two (2) photographs of the 2015 paystubs from the VAMC are "needlessly cumulative" because Plaintiff's "GS grade, step level, and annual salary at the time of his employment separation" are noted in Plaintiff's official Standard Form 50, which is part of his personnel file that Defendant proposes to admit as "Exhibit G."  (*Id.*)  As for the paystub from Southside Hospital, Defendant argues that it is unreliable to prove damages, and Defendant is prejudiced in their ability to cross-examine Plaintiff about his wages from one paystub and should not be able to testify about his earnings based on a single paystub produced after the conclusion of discovery.  (*Id.*)  Defendant asserts that while the paystub includes year-to-date earnings through July 2021, there is no way of determining what his earnings from 2016 through 2020 were, or what his total earnings from 2021 would be since no other pay-related documents were produced (*i.e.*, W-2s and tax returns).  (*Id.*)

Plaintiff argues that the court has discretion to allow Plaintiff's supplemental production to be introduced at trial and should exercise that discretion to allow the introduction of the documents.  (DE 65 at 2.)  Plaintiff also argues generally that admitting the documents and testimony will not cause any real prejudice to Defendant given the limited documentation and

5

limited scope. (*Id.*) Plaintiff admits that the documents were produced after the discovery deadline, but argues that a complete bar on Plaintiff from testifying to any financial damages is too sweeping in scope as Defendant has been on notice since the filing of this action that Plaintiff was seeking lost pay damages. (*Id.*) Plaintiff notes that Defendant has known about the evidence since the filing of the JPTO, which was filed nine months ago, therefore there are no concerns of "sandbagging" or a "trial by ambush." (*Id.*) The documents speak for themselves and do not reflect new accusations that Defendant could not investigate or question witnesses on, as they are documents that support a financial argument that has been alleged since the beginning of the litigation. (*Id.*) Plaintiff also notes that there does not appear to be any discovery dispute on the docket regarding financial or mitigation documents. (*Id.*) Last, Plaintiff argues that there is no basis to preclude Plaintiff from testifying about financial damages notwithstanding the documents that Defendant seeks to exclude because the prayer for relief in Plaintiff's Complaint spells out that he was seeking financial damages and it should not be a surprise to Defendant. (*Id.*)

>Rule 26(a) states in relevant part that:
>
>[A] party must, without awaiting a discovery request, provide to the other parties . . . . a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered. . . .

Fed. R. Civ. P. 26(a)(1)(A)(iii).

>Rule 37 states that:
>
>If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

6

> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> **(B)** may inform the jury of the party's failure; and
> **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed R. Civ. P. 37(c)(1).

"A district court has wide discretion to impose sanctions, including severe sanctions, under Federal Rule of Civil Procedure 37, and its ruling will be reversed only if it constitutes an abuse of discretion." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006) (citing *Patterson v. Balsamico,* 440 F.3d 104, 117 (2d Cir. 2006)).  In deciding whether to exclude evidence as a sanction under Rule 37, "courts refer to a nonexclusive list of four factors: (1) the party's explanation for its failure to disclose, (2) the importance of the evidence, (3) the prejudice suffered by the opposing party, and (4) the possibility of a continuance." *Agence France Presse v. Morel*, 293 F.R.D. 682, 685 (S.D.N.Y. 2013) (citing *Design Strategy, Inc.*, 469 F.3d at 294). "The purpose of the rule is to prevent "sandbagging" an opposing party with new evidence." *Miss Jones LLC v. Shahid*, No. 17-CV-716 (AMD) (LB), 2022 WL 4642716, at *6 (E.D.N.Y. Sept. 30, 2022) (citing *Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000)). "Courts in this Circuit recognize that preclusion of evidence pursuant to Rule 37(c)(1) is a drastic remedy and should be exercised with caution." *Miss Jones LLC*, 2022 WL 4642716, at *6 (citing *Ventra*, 121 F. Supp. 2d at 332.)

In *Design Strategy, Inc.*, the court held that the district court did not abuse its discretion in precluding "lost profits" evidence when lost profits was not listed as a category in plaintiff's initial disclosure or any point during discovery in violation of Rules 26(a)(1). *Design Strategy, Inc.*, 469 F.3d at 293.  The court reasoned that a general demand in the complaint was simply not sufficient to put the defendant on notice. *Id.* at 293-97.  The court also reasoned that the

7

prejudice to defendant would be severe because the discovery would have to be reopened to determine whether the damages calculations were proper. *Id.* at 297. Notably, the fact that discovery had been closed for over one and a half years and the fact that there was only a short time before trial weighed heavily. *Id.*

In *Curcio v. Roosevelt Union Free School Dist.*, No. 10-CV-5612 (SJF)(AKT), 2012 WL 6641715, at *1 (E.D.N.Y. Dec. 19, 2012), the court excluded testimony and documents supporting the claim for pension-related damages where the plaintiff failed to include pension-related damages in his initial disclosure required by Rule 26(e), and failed to provide any information regarding pension-related damages during discovery. The court reasoned that the "importance of the pension-related information and proposed testimony to plaintiff's case is outweighed by plaintiff's failure to provide an adequate explanation for this behavior, the prejudice to defendant that his behavior has caused, and the likelihood that a continuance would be required to allow the discovery necessary to prevent any further prejudice." *Id.* at 6. There, disclosure of the documents did not occur until over a year after the close of discovery. *Id.* at 4.

Additionally, the court held that the disclosure was inadequate under Rule 26(a) solely because it "include[d] no calculation of plaintiff's purported damages." *Id.* (citing *Design Strategy, Inc.*, 469 F.3d at 295). Notably, the court held that a "general demand in a complaint fails to satisfy the requirement of Rule 26(a). . . ." *Id.* (citing *Design Strategy, Inc.*, 469 F.3d at 295). Furthermore, the court noted that defendant "cannot reasonably be expected to have inquired about pension-related damages in its deposition of plaintiff[,]" and therefore, "plaintiff's conduct denied defendant an adequate opportunity to conduct discovery with respect to the alleged pension-related damages." *Id*.

8

However, the court in *Hernandez v NJK Contractors, Inc.*, No. 09-CV-4812 (RER), 2015 WL 1966355 (E.D.N.Y. May 1, 2015), distinguished *Curcio*. The court distinguished a "general demand in a complaint," which was present in *Curcio*, to the specific demand in the plaintiff's complaint.[5] *Id.* at *29. The court admitted evidence despite the fact that plaintiff did not disclose required damages calculations under Rule 26(a). *Id.* Notably, the court stated, "[w]hile it is true that the inclusion of the prayer for these damages in the compliant did not relieve Plaintiffs of their duty to disclose damage calculations, it does demonstrate notice to Defendants and an opportunity for Defendants to mitigate any potential prejudice." *Id.* (citing *Grant v. Shaw Envtl., Inc.,* No. 3:08–CV–350, 2012 WL 1059947 (E.D. Tenn. Mar. 1).

In *Richmond v. General Nutrition Centers Inc.*, No. 08-cv-3577, 2012 WL 762307, at *8 (S.D.N.Y. Mar. 9, 2012), the court granted defendant's motion *in limine* to preclude plaintiff from offering any damages evidence that was not produced in discovery and any damages calculations that were based on documents not produced in discovery. However, if the plaintiff could show that the non-production was "substantially justified" or that the production of evidence on the "brink of trial" would be harmless, through a schedule set up by the court on an item-by-item basis, the evidence would not be excluded. *Id.* at *5.

And finally, in *Rojo v. Deutsche Bank*, No. 06 Civ. 13574 (HB), 2009 WL 3790191, at *5 (S.D.N.Y. Oct. 30, 2009), the court denied the defendant's motion to amend its JPTO and granted plaintiff's motion to preclude witness testimony and specific documents relating to

---

[5] In *Curcio* plaintiff's amended complaint included "all other emoluments of employment, including pension credits" while plaintiff's complaint in *Hernandez* "specifically sought FLSA liquidated damages and prevailing wage damages[.]" *Hernandez v. NJK Contractors, Inc.*, No. 09-CV-4812 RER, 2015 WL 1966355, at *29 (E.D.N.Y. May 1, 2015).

9

compensation that were not disclosed in Defendant's Rule 26(a) disclosures or updated to include the documents. The documents were not disclosed until over a year after the close of discovery and several months after the filing of an initial JPTO. *Id.* The court reasoned that the "late stage" introduction of this evidence would substantially prejudice the plaintiff who was not able to take discovery regarding said documentation. *Id.* The court also noted that the defendant would suffer minimal prejudice as the testimony did not appear particularly relevant, and defendant will be permitted will be allowed to introduce evidence of the plaintiff's previous compensation. *Id.* Furthermore, the court held that the defendant did not show that its failure to disclose was substantially justified or harmless. *Id.* Defendant's opposition -- much like Plaintiff's opposition here -- had "virtually no discussion of any excuse or reason for its failure to disclose." *Id.*

Plaintiff plainly failed to comply with his discovery obligations under Rule 26(a). There is no indication these documents were identified, let alone produced or supplemented as initial disclosures under Rule 26(a). His failure to comply with these obligations is neither substantially justified nor harmless. The discovery and scheduling rules are meant to avoid unfair surprise at trial. Plaintiff states that his failure to disclose documents is due to the fact that he had different counsel during discovery and there are no discovery disputes on the docket regarding financial or mitigation documents. A change in counsel is simply not a sufficient explanation for Plaintiff's untimely disclosure. *See Grabin v. Marymount Manhattan Coll.*, 659 F. App'x 7, 10 (2d Cir. 2016) (summary order) (affirming the exclusion of witness testimony where the plaintiff's only explanation of the failure to disclose was her change in counsel); *see also Lopez Espiritu v. Hartman*, No. 16-CV-04623(CBA)(SJB), 2020 WL 93891, at *6 (E.D.N.Y. Jan. 8, 2020) (holding that an oversight due to a change in counsel is an insufficient

10

explanation for lack of timely disclosure of experts under Rule 26). It is beyond peradventure that new or incoming counsel to a case takes it as it comes when they choose to enter an appearance, and that includes the procedural course and strategic decisions charted out by prior counsel.

Apart from Plaintiff's failure to disclose within the ordered dealine, the proffered documents within Exhibit 6 -- with the exception of the two VAMC paystubs -- lack authentication (FRE 901) or foundation since nothing in the record establishes Plaintiff's personal knowledge of the contents (FRE 602) and are, in any event, hearsay (FRE 801 and 802), with no applicable exceptions under Rule 803 even argued by Plaintiff. The court notes that the General Schedule Pay scales document also includes Plaintiff's handwritten notation and highlighting in attempt to prove what GS Grade he was on, and what his possible pay step increase would have been, which are inadmissible.[6] As to the two VAMC paystubs, however, they are not hearsay since they are considered opposing party statements under FRE 801(d)(2), and the court does not consider them to be "cumulative".

Accordingly, with the exception of the two VAMC April and December 2015 pay stubs, the remaining documents within Plaintiff's Exhibit 6 (the July 2021 Southside Hospital/Northwell pay stub, a document entitled "New York General Pay Scales from 2016 and 2021," and a "Salary Table 2021-NY") are precluded from introduction at trial.

---

[6] To the extent Defendant seeks to preclude Plaintiff's testimony on damages, an employee can testify as to the hours they worked and pay they received. *See, e.g.*, *Chao v. Vidtape*, Inc., 196 F.Supp. 2d 281, 287 ("At trial, twenty-one former Vidtape employees testified for the Secretary as to the hours they worked and the pay they received. These employees testified in English, Spanish, and Punjabi."). And so can lay witnesses who have personal knowledge of those matters. *See, e.g.*, *Brown v. Tomcat Elec. Sec., Inc.*, No. 03-CV-5175 (TLM), 2010 WL 11603139, at *3 (E.D.N.Y. May 14, 2010) (allowing school employees to testify to wages actually paid to plaintiff if they have personal knowledge but stating they may not give testimony as to what plaintiff should have been paid).

### B. Exhibit 7: The Letter from Leonard Schwartz, Ph.D.

Defendant seeks to exclude a letter prepared by Leonard Schwartz, Ph.D. ("Schwartz Letter"). Defendant argues that the Schwartz Letter is not a "medical record" that would ordinarily contain statements made for the purpose of "medical diagnosis and treatment" and is therefore hearsay. Defendant reasons that the Schwartz Letter is merely Dr. Schwartz's impression of Plaintiff's mental condition as it relates to Plaintiff's claims of harassment and Plaintiff produced the document without any other purported treatment records of Dr. Schwartz. (DE 60.)

Defendant also argues that the Schwartz Letter should not be admitted into evidence because the letter is hearsay and does not fall within the business record exception. (*Id.*) Defendant reasons that the letter was not addressed to anyone, was written four years after Plaintiff began treatment, and only describes Plaintiff's mental health condition as it relates to this lawsuit and, therefore, was not kept in the regular course of business. (*Id.*) Further, the document was not certified as a business record.

Plaintiff retorts that he has identified Dr. Schwartz as a witness and intends to call Dr. Schwartz to testify and introduce the letter through his testimony (DE 65). In fact, Plaintiff does not seek to introduce the document without Dr. Schwartz testifying as to its accuracy and that he wrote the letter.

The purpose or relevance that the Schwartz Letter bears on the issues to be tried is far from clear from the submissions. Presumably, Plaintiff seeks to offer the Schwartz Letter in evidence to prove its contents to be true, that is, his impressions of Plaintiff's mental health condition. As such, the Schwartz Letter is hearsay under Fed. R. Evid. 801(c) which is not admissible (*see* Rule 802), unless of course an exception applies under Rule 803.

12

Defendant relies on *Bruneau v. Borden, Inc.*, 644 F. Supp. 894, 896-97 (D. Conn. 1986), which granted defendant's motion *in limine* excluding a letter from plaintiff's treating physician. In granting the motion, Judge Dorsey held that the letter there did not qualify as a business record under Rule 803(6) noting, among other deficiencies, that the letter "is not a purely medical opinion." The court concluded by noting that "plaintiffs do not lose the opinion; they merely have to go the extra step and obtain it by deposition."

Similarly, here, Plaintiff has not established, either through Schwartz or any qualified witness, that the letter was made and kept in the regular course of business, predicates for recognition as a business record.

Apart from not being a business record of a regularly conducted business, nothing suggests that the Schwartz Letter was made for medical diagnosis or treatment under Rule 803(4) and therefor that exception has no application.

Plaintiff's Exhibit 7 therefore is excluded from trial. Schwartz is listed as a fact witness and may testify as a percipient witness describing his own personal observations which, if he testifies to what his letter states, would likely render the letter cumulative as well. *See* Fed. R. Evid. 403.

13

## **CONCLUSION**

For the foregoing reasons, Defendant's motion *in limine* to exclude certain evidence at trial, namely, Plaintiff's Exhibits 6 and 7, is granted in part and denied in part as follows: Plaintiff's Exhibit 7 is excluded.  Plaintiff's Exhibit 6 is excluded, except for the April and December 2015 VAMC pay stubs, which are admissible. Further, Plaintiff is permitted to testify, subject to cross-examination, as to his alleged damages to the extent he has personal knowledge.

Dated: Central Islip, New York
       December 12, 2022

                                        S O   O R D E R E D:

                                        /S/ *James M. Wicks*
                                        JAMES M. WICKS
                                        United States Magistrate Judge