UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DANIEL HAMPTON,

                            Plaintiff,

              -against-

DAVID J. SHULKIN, in his Official Capacity as
Secretary of the United States Department of
Veterans Affairs,

                         Defendant.
------------------------------------------------------------------X

Docket No.: 17-CV-5711(JMW)

# MEMORANDUM OF LAW IN SUPPORT OF
# MOTION TO BE RELIEVED AS COUNSEL FOR PLAINTIFF

RICOTTA & MARKS, P.C.
*Attorneys for Plaintiff*
2174 Jackson Avenue
Seaford, New York 11783
(347) 464-8694

## PRELIMINARY STATEMENT

This office represents the Plaintiff, Daniel Hampton ("Hampton") in this matter. This office submits this memorandum of law, along with the Affidavit of Thomas Ricotta, in support of its motion pursuant to Local Rule 1.4, to be relieved as counsel for Plaintiff. This motion is necessitated due to the conclusion of the representation for which the Firm was retained, as well as a breakdown of the attorney-client relationship. For the reasons set forth below and in the affidavit of Thomas Ricotta, it is respectfully requested that the Court grant this motion.

## STATEMENT OF FACTS

For a recitation of the relevant facts, our office respectfully refers the Court to the Affidavit of Thomas Ricotta.

## LEGAL ARGUMENT

### I. THE MOTION TO WITHDRAW SHOULD BE GRANTED

Pursuant to Local Civil Rule 1.4 which governs withdrawal of attorneys, "[a]n attorney who has appeared as attorney of record for a party . . . may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . ." Satisfactory reasons include "a client's lack of cooperation—including lack of communication—with counsel, and the existence of an irreconcilable conflict between attorney and client." Diarama Trading Co. v. J. Walter Thompson U.S.A., 2005 U. S. Dist. LEXIS 17008, at *4 (S.D.N.Y. Aug. 12, 2005) (internal quotation marks omitted); see also Ashmore v. Cgi Group, Inc., 2014 U.S. Dist. LEXIS 51618, at *2 (S.D.N.Y. Apr. 7, 2014) (a breakdown of the attorney-client relationship is sufficient grounds

for withdrawal). District courts have wide discretion in deciding whether to grant a motion for an attorney's withdrawal. <u>Whiting v. Lacara</u>, 187 F.3d 317, 320 (2d Cir. 1999).

In the Southern and Eastern Districts of New York, the term "satisfactory reasons" has been construed to include "failure to pay legal fees, a client's lack of cooperation—including lack of communication with counsel, and 'the existence of an irreconcilable conflict between attorney and client.'" <u>Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.</u>, 2005 U.S. Dist. LEXIS 17008, 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005) (citing <u>Hallmark Capital Corp. v. Red Rose Collection, Inc.</u>, No. 95 Civ. 2839 (RPP) (AJP), 1997 U.S. Dist. LEXIS 8908, 1997 WL 661146, at *2 (S.D.N.Y. Oct. 21, 1997)); <u>see also</u> <u>Stair v. Calhoun</u>, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (citing <u>In re Albert</u>, 277 B.R. 38, 48 (Bankr. S.D.N.Y. 2002)). <u>In re Fosamax Prods. Liab. Litig.</u>, No. 06 MD 1789 (JFK), 2012 U.S. Dist. LEXIS 82024, at *75 (S.D.N.Y. June 12, 2012)

A breakdown of communication is sufficient grounds for permissive withdrawal. <u>See Fischer v. Biman Bangladesh Airlines</u>, 1997 U.S. Dist. LEXIS 10405 at *3-4 (S.D.N.Y. 1997) (and cases cited therein). "The withdrawal will not have material adverse effects on the interests of the client. Chak has cut off all communication with his attorney, leaving her unequipped to represent his interests. Chak will be in the same position, practically speaking, whether his attorney withdraws or not." <u>Koon Chun King Kee Soy & Sauce Factory, Ltd. v. Kun Fung USA Trading Co.</u>, No. 07-CV-2568(CPS)(SMG), 2009 U.S. Dist. LEXIS 17694, at *4-7 (E.D.N.Y. Mar. 9, 2009).

As detailed in the annexed affidavit of the undersigned, the Firm's representation concluded post-trial and Hampton has brought and pursued further motions and appeals on his own. As a result of this, the firm is no longer in position to be able to perform work on behalf of

2

the client, and Hampton has been filing motions and letters to the Court on his own. Furthermore, given some of the statements made by Hampton within his correspondence with the Court, and Hampton's communications with the Firm, the details of which we exclude from the memorandum and accompanying affidavit so as to not prejudice or potentially prejudice Hampton in any way, it would be impossible for the Firm to continue representing Plaintiff.

Based upon the foregoing, it is respectfully requested that this motion to be relieved be granted. Moreover, to the extent such request is granted, and to the extent Hampton seeks same and the Court deems it appropriate, it is respectfully requested that the Court enter a stay of sixty (60) days so as to afford Plaintiff time to retain new counsel and have that counsel become familiar with this matter, should Plaintiff wish to do so.

## CONCLUSION

For the reasons discussed herein, this office's motion to be relieved as counsel for Plaintiff should be granted in its entirety.

Dated: Long Island City, New York
April 14, 2023

    Respectfully submitted,

    RICOTTA & MARKS, P.C.
    *Attorneys for Plaintiffs*
    2174 Jackson Avenue
    Seaford, New York 11783

    By:_____/s_____
      THOMAS RICOTTA