**FILED**
**CLERK**
April 27, 2023
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

DANIEL HAMPTON,

                            Plaintiff,

     -against-

DENIS MCDONOUGH, *in his Official Capacity as Secretary of the United States Department of Veterans Affairs*,

                            Defendant.

----------------------------------------------------------------X

**MEMORANDUM AND ORDER**

17-CV-5711 (JMW)

**A P P E A R A N C E S:**

Thomas Ricotta, Esq.
Matthew Ian Marks, Esq.
**Ricotta & Marks, P.C.**
24-11 41st Avenue
Long Island City, New York 11101
*Attorneys for Plaintiff*

Megan Jeanette Freismuth, Esq.
Thomas Russell Price, Esq.
Vincent Lipari, Esq.
Assistant United States Attorneys
**United States Attorney's Office**
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722
*Attorney for Defendant*

**WICKS,** Magistrate Judge:

      Plaintiff Daniel Hampton is a former employee of the Veteran Affairs Medical Center in

Northport ("VAMC"), New York.  Plaintiff commenced this case against Defendant Denis

1

McDonough,[1] in his official capacity as the Secretary of the United States Department of Veterans Affairs, alleging *quid pro quo* sexual harassment, hostile work environment, atmosphere of adverse actions, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"). (DE 1.)

Following summary judgment motion practice, only Plaintiff's retaliation claim remained in the case to be tried. (DE 51.) The undersigned then presided over a three-day jury trial addressing the sole remaining claim this case, namely, retaliation from January 31, 2023 to February 1, 2023. (DE 74; DE 77.) Plaintiff was represented by counsel all throughout the trial. The jury eventually returned a unanimous verdict in favor of Defendant and a final judgment was entered accordingly. (DE 82.)

Upon entry of judgment, Plaintiff initiated a series of *pro se* filings which the Court has liberally construed as moving for relief from final judgment under Fed R. Civ. P. 60(b)(3) and, in the alternative, a new trial under Fed R. Civ P. 59(a)(1)(A). In those filings, Plaintiff stated that he is no longer represented by his trial counsel -- attorneys Mathew Ian Marks, and Thomas Ricotta. (DE 86.) Defendant further noted that Plaintiff's counsel confirmed they no longer represent Plaintiff. (DE 91 at 1 n.1.) Thus, the Court directed Marks and Ricotta to file a motion to withdraw on or before April 14, 2023 to the extent they sought withdrawal as counsel of record. (Electronic Order dated Apr. 1, 2023.)

On April 14, 2023, Plaintiff's counsel filed the instant motion to withdraw. (DE 97.) Plaintiff filed a response supporting withdrawal. (DE 100.)[2] Defendant takes no position as to

---

[1] Denis McDonough was automatically substituted for Robert Wilkie as a Defendant in accordance with Fed. R. Civ. P. 25(d). (Electronic Order dated Jan. 26, 2023.)

[2] Plaintiff's initial response was filed at Docket Entry 99, and Plaintiff subsequently filed an amended response at Docket Entry 100.

withdrawal. (DE 101.)

For the reasons stated herein, the Plaintiff's counsels' motion to withdraw (DE 97) is hereby granted.

## **DISCUSSION**

Two grounds are advanced in seeking withdrawal here. *First*, Plaintiff's counsel assert that their representation of Plaintiff has concluded following trial. *Second*, there has been a breakdown of communication between Plaintiff's counsel and Plaintiff rendering it unreasonably difficult for Plaintiff's counsel to effectively carry out Plaintiff's representation. (DE 97 at 2.)

Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York governs the displacement of counsel who have appeared:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

E.D.N.Y. Local Civil Rule. 1.4.

"Whether to grant or deny a motion to withdraw as counsel is within the sound discretion of the district court." *Finkel v. Fraterrelli Brothers, Inc.*, No. 05-CV-1551 (ADS) (AKT), 2006 WL 8439497, at *1 (E.D.N.Y. Dec. 4, 2006) (citing *Whiting v. Lacara*, 187 F.2d 317, 320 (2d Cir. 1999)). New York's Rules of Professional Conduct ("NYRPC")[3] neatly divide the bases for withdrawal into two broad categories, namely, mandatory (*see* NYRPC rule 1.16[b]) and

---

[3] "The New York Rules of Professional Conduct govern the conduct of attorneys in federal courts sitting in New York as well as in New York State courts." *Steele v. Bell*, No. 11 Civ. 9343 (RA), 2012 WL 6641491, at *2 n.1 (S.D.N.Y. Dec. 19, 2012) (citation omitted).

permissive (*see* NYRPC rule 1.16[c]).  The second ground proffered here, an uncooperative client, falls within the permissive bucket (*see* NYRPC rule [7][4]).  The American Bar Association Code of Professional Responsibility ("Model Code") provides further guidance on permissive withdrawal of an attorney.[5]  Both the Model Code and the NYRPC lend guidance as to what grounds constitute good cause to grant such a motion.  *See Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999) (citing among others *Joseph Brenner Assocs. v. Starmaker Ent., Inc.*, 82 F.3d 55, 57 (2d Cir. 1996)).

Motions to withdraw based upon the grounds urged here pose a unique challenge for counsel.  Outgoing counsel are sometimes left with walking the tightrope of disclosing sufficient information to establish grounds for withdrawal on the one hand, while not disclosing privileged or client confidences on the other.  *See* N.Y.S.B.A. Ethics Op. 1057 (June 5, 2015) (discussing interplay between motions to withdraw and the duty of confidentiality owed to clients).

Moreover, the outgoing lawyer always has the duty to "take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of a client" (N.Y.R.P.C. 1.16(e)).  So how does counsel thread this needle?  One option is for counsel to seek leave to file an affidavit or declaration under seal explaining in detail the reasons for the withdrawal.  *See, e.g., Team Obsolete Ltd. v. A.H.R.M.A. Ltd.,* 464 F. Supp. 2d 164 (E.D.N.Y. 2006) (defense counsel filed affidavit under seal in support of motion to withdraw).  Here, given the nature of communications between Plaintiff's counsel and Plaintiff, counsel has offered to provide more detail *in camera* to avoid unnecessarily divulging any confidential attorney-client

---

[4]  Withdrawal based upon an uncooperative client is permitted when "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."

[5] Courts in this Circuit look to the Model Code for guidance regarding professional conduct of the bar. *See Arifi v. de Transp. Du Cocher, Inc.*, 290 F. Supp. 2d 344, 348 (E.D.N.Y. 2003) (Glasser, J.).

4

communications. (DE 97-1 at ¶ 7.) But looking at the record before the Court, there is sufficient detail to determine the instant application, and thus, an additional *in camera* showing is unnecessary.

Plaintiff's counsel states that their representation of Plaintiff pursuant to the retainer included opposing summary judgment as well as representing Plaintiff for trial. (DE 97-1 at ¶ 3.) With trial in the rearview mirror, that representation has supposedly ended. Plaintiff's counsel notes that Plaintiff has pursued further motions and appeals on his own, such that they are no longer in any position to be able to perform work on behalf of Plaintiff. (DE 97 at 3-4.) Plaintiff's counsel submit that these filings, and communications with Plaintiff, further serve as evidence that their professional relationship has come to an end. (DE 97-1 at ¶ 6.)

On the other hand, Plaintiff makes a passing assertion that his counsel "refused to even file post-trial motions and an appeal before withdrawing from the matter," and that he had to file the "critical [post-trial] motions and an appeal on [his] own to preserve [his[ case." (DE 100 at 3.) However, Plaintiff does not address or rebut the assertion that the retainer was limited to the point of a verdict and did not include post-trial litigation. (*See* DE 100.) To add to the ambiguity, neither side has submitted a copy of the retainer agreement. Nonetheless, given the severe breakdown in attorney-client relationship as discussed below, there remains an independent ground warranting withdrawal.

Turning to the breakdown in the relationship between Plaintiffs' counsel and Plaintiff, it appears to have occurred following trial. The deterioration of the attorney-client relationship is abundantly clear from Plaintiff's post-trial filings, and even just his response to the instant motion levying a slew of accusations including ineffective assistance of counsel. (*See* DE 100.) When a client makes it unreasonably difficult for an attorney to effectively carry out

representation for the client, that is sufficient grounds to grant the application. *See Tokarz v. LOT Polish Airlines*, No. 96-CV-3154 (FB)(JMA), 2005 WL 8161165, at *2 (E.D.N.Y. June 20, 2005) (citation omitted); *Casper v. Lew Lieberbaum & Co.*, 1999 WL 335334, at *4 (S.D.N.Y.1999) ("[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.").

Plaintiffs' counsel notes that "given some of the statements made by Hampton within his correspondence with the Court, and Hampton's communications with the Firm . . . it would be impossible for the Firm to continue representing Plaintiff." (DE 97 at 4.) Significantly, Plaintiff supports withdrawal and states: "I am now representing myself in this matter PRO SE. I am not interested in having Thomas Ricotta or Mathew Ian Marks representing me any further in this matter." (DE 100.)[6]

Given the clear breakdown in communication and whatever attorney-client relationship that may have persisted beyond trial, and Plaintiff's support for withdrawal, withdrawal is appropriate. *See United States v. Lawrence Aviation Indus.*, No. CV 06-4818 (JFB) (ARL), 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011) ("[W]here a client's relationship with its attorney has deteriorated to such an extent that continued representation would be inappropriate and the client does not oppose a motion for withdrawal, the motion should be granted."). Further, judgment has already been entered in this case, and Plaintiff's post-trial motions have already been fully briefed such that withdrawal at this stage would not prejudice Plaintiff.

Two additional matters remain. First, Plaintiff notes that on February 27, 2023 he requested all the materials that were filed with the court in this case but has not received any response. (DE 100 at 8 (email to counsel).) Plaintiff's counsel has not stated that they are

---

[6] The remaining arguments in Plaintiff's response, such as those related to ineffective assistance of counsel (DE 100 at 2) are largely duplicative of those advanced in his post-trial motions.

asserting a retaining lien (DE 97), so accordingly, Plaintiff's counsel is directed to provide Plaintiff with a copy of his file.

Second, Plaintiff's counsel requests that, to "the extent Hampton seeks the same" if this motion is granted, the Court should enter a stay of sixty days to give Plaintiff time to retain new counsel. (DE 97 at 4.) Defendant opposes the request for a stay of proceedings. (DE 101.) Plaintiff states that he is looking for replacement counsel, and if a new trial is granted, will make an appropriate request. (DE 100 at 4.) However, Plaintiff also expressly opposes a stay of proceedings at this time. (DE 100 at 3-4.) Therefore, a stay of proceedings is not required.

## **CONCLUSION**

For the reasons stated above, Plaintiff's counsel's motion to withdraw as counsel for Plaintiff is hereby granted. Outgoing counsel shall serve a copy of this Order on Plaintiff by overnight mail and file proof of service of the same on or before May 1, 2023.

Dated: Central Islip, New York
April 27, 2023

S O  O R D E R E D:

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge