FILED
CLERK

April 28, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DANIEL HAMPTON,

                          Plaintiff,

          -against-

DENIS MCDONOUGH, *in his Official Capacity as
Secretary of the United States Department of
Veterans Affairs*,

                          Defendant.

-------------------------------------------------------------------X

**MEMORANDUM
AND ORDER**

17-CV-5711 (JMW)

**A P P E A R A N C E S:**

Daniel Hampton
25 Belford Avenue
Bayshore, NY 11706
*Pro Se Plaintiff*

Megan Jeanette Freismuth, Esq.
Thomas Russell Price, Esq.
Vincent Lipari, Esq.
Assistant United States Attorneys
United States Attorney's Office
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722
*Attorney for Defendant*

**WICKS,** Magistrate Judge:

Plaintiff Daniel Hampton is a former employee of the Veteran Affairs Medical Center in

Northport ("VAMC"), New York.  Plaintiff commenced this case against Defendant Denis

McDonough,[1] in his official capacity as the Secretary of the United States Department of Veterans Affairs, alleging *quid pro quo* sexual harassment, hostile work environment, atmosphere of adverse actions, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII").  (DE 1.)  Following summary judgment motion practice, only Plaintiff's retaliation claim remained in the case to be tried.  (DE 51.)  As relevant to that claim, Plaintiff alleged that the VAMC retaliated against him for filing an Equal Employment Opportunity ("EEO") complaint against his supervisor on November 16, 2015 by terminating his employment on April 16, 2016.

The undersigned presided over a three-day jury trial addressing the sole remaining claim this case, namely, retaliation from January 31, 2023 to February 1, 2023.  (DE 74; DE 77.) Plaintiff was represented by counsel all throughout the trial.  The issues of fact for trial were whether the VAMC took an adverse action against Plaintiff after he filed an EEO complaint, and if so, whether Plaintiff's filing of the EEO complaint was the "but-for" cause of the adverse action.  (*See* DE 81.)  The parties each presented witnesses and documentary evidence at trial. (*See* DE 78; DE 80.)  The jury eventually returned a unanimous verdict in favor of Defendant, finding that Plaintiff had not proven by a preponderance of evidence that Defendant took an adverse action against him.  (DE 77; DE 81.)  A final judgment was entered accordingly.  (DE 82.)  Plaintiff appealed the final judgment, and that appeal has been stayed pending resolution of Plaintiff's post-trial motions.  (DE 89.)  Plaintiff filed an appeal *pro se.*  (DE 89.)

On February 6, 2023, Plaintiff initiated a series of *pro se* filings purporting to seek relief under various state and federal laws.  (DE 83-87.)  On March 7, 2023, Plaintiff filed an amended

---

[1] Denis McDonough was automatically substituted for Robert Wilkie as a Defendant in accordance with Fed. R. Civ. P. 25(d). (Electronic Order dated Jan. 26, 2023.)

motion that supplanted and superseded his prior filings, rendering them moot.  (DE 88.)  This filing is liberally construed by the Court as moving for relief from final judgment under Fed R. Civ. P. 60(b)(3) and, in the alternative, a new trial under Fed R. Civ P. 59(a)(1)(A).[2]  (Electronic Order dated Mar. 8, 2023.)  Plaintiffs' counsels' motion to withdraw was filed on April 14, 2023, and that application was granted.  (*See* DE 102.)

Defendant was directed to, and did, file an opposition to Plaintiff's motions.  (DE 91.) Plaintiff filed a reply.  (DE 94.)  Plaintiff also filed a letter requesting that the Court allow him to submit four flash drives containing audio and video files in support of his motions -- a request Defendant also opposes.[3]  (DE 92; DE 93.)

For the reasons stated herein, Plaintiff's motions (DE 88; DE 92) are hereby **DENIED**.

## I.     DISCUSSION

### A.  Consideration of New Evidence

The Court declines the invitation to consider any new material submitted by Plaintiff in support of his filings including, *inter alia*, deposition excerpts, emails between Plaintiff and his counsel, various online documents, and four flash drives containing audio and video files that Plaintiff seeks to submit to the Court.  (*See* DE 88 at 5-15; DE 92; DE 94 at 10-30.)  As Defendant argues, Plaintiff does not offer any evidence that was not available to him or his counsel before trial.  (DE 96 at 1-2.)  Though Plaintiff does not expressly explain what the four

---

[2] Plaintiff's motion also includes language referring to a judgment notwithstanding the verdict, presumably under Rule 50(b).  (DE 88 at 1.)  However, "[a] post-trial Rule 50(b) motion for judgment as a matter of law is properly made only if a Rule 50(a) motion for judgment as a matter of law has been made before submission of the case to the jury." *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 117 (2d Cir. 2004).  Since Plaintiff did not make a Rule 50(a) motion before the case was submitted to the jury, the Court does not address this request.  *See id*.

[3] On February 27, 2023, Plaintiff attempted to deliver a flash drive to the Court, which the Court declined to accept, and the item was returned to Plaintiff without docketing or consideration.  (*See* DE 87.)

flash drives contain (*see* DE 92), Plaintiff's other filings reference a recording of a pretrial preparation session with his trial counsel, and "2 videos of calls made to 2 different VA hospitals in 2018" by Plaintiff regarding the process of converting an employee from temporary to permanent.  (DE 88 at 2.)

First, Plaintiff's pre-trial conversations with trial counsel are of no moment for the reasons discussed below.  *See infra* § I.C.i.  Second, the evidence offered by Plaintiff either existed before trial, was disclosed during discovery, or could have been disclosed during discovery by Plaintiff before discovery closed on February 28, 2019.  (*Id.*)  For example, putting aside the typical evidentiary concerns such as authenticity, admissibility, relevance, as to the recordings of calls Plaintiff made in 2018, despite the availability of those recordings, Plaintiff did not attempt to present them at trial.  Nor did Plaintiff present the deposition transcript excerpts or various other documents Plaintiff now relies on.  Thus, this evidence does not provide a basis for relief from final judgment under Rule 60(b) and is not properly before the Court.  *See State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) ("Where a movant admits that a letter that the other party supposedly concealed was already present in the movant's files, it cannot claim that it was prevented from fully presenting its case." (internal quotation marks omitted)); *see also Patel v. Lutheran Med. Ctr., Inc.*, 775 F. Supp. 592, 596 (E.D.N.Y. 1991) ("Under Rules 59(e) and 60(b)(2) evidence which was in the possession of the party before the judgment was rendered . . . is not newly discovered and does not entitle him to relief." (internal quotation marks omitted)).

### B.        Rule 60(b)(3) Motion

Rule 60(b) generally provides that "[o]n motion and just terms" a party may be relieved from, *inter alia,* a final judgment for mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud.  Fed. R. Civ. P. 60(b).  Rule 60(b)(3) specifically allows the Court

to relieve a party from final judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(3). Rule 60(b), however, is considered "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances."  *Juliao v. Charles Rutenberg Realty, Inc.*, No. 14-CV-808 (JMA) (AYS), 2020 WL 2513443, at * 2 (E.D.N.Y. May 15, 2020) (internal quotation and citation omitted).

Relief under Rule 60(b)(3) "is only available if the moving party establishes by clear and convincing evidence that the opposing party engaged in fraud or other misconduct."  *Tyson v. City of N.Y.*, 81 F. App'x 398, 400 (2d Cir. 2003) (summary order).  Rule 60(b) is not a procedural vehicle to obtain a second bite at the apple, a request for relief  "cannot serve as an attempt to relitigate the merits."  *Id.*  "To obtain relief, the movant must have been prevented from fully and fairly presenting his case."  *Breslow v. Schlesinger*, 284 F.R.D. 78, 82 (E.D.N.Y. 2012).  "The burden of proof on a Rule 60(b) motion is on the party seeking relief from the earlier judgment or order."  *Obra Pia Ltd. v. Seagrape Invs. LLC*, No. 19-CV-7840 (RA), 2021 WL 1978545, at *2 (S.D.N.Y. May 18, 2021).

      i.       **Application**

Plaintiff fails to establish any form of fraud or misconduct by Defendant.  Plaintiff simply concludes that: "This is exactly what the defendant did [when] they allowed their witnesses to go up on the stand and misrepresent themselves and others that were within the VA health system. They allowed their witnesses to commit fraud."  (DE 88 at 3.)  Reading Plaintiff's filings in the most liberal light, Plaintiff makes the following arguments that appear to relate to his request for Rule 60(b)(3) relief: (1) Defendant failed to provide a complete copy of Plaintiff's electronic

personnel file, (2) Defendant's case was built on false witness testimony given by conspiring witnesses, and (3) Plaintiff received ineffective assistance of counsel.  (DE 88 at 1-2.)

First, neither Plaintiff nor his counsel raised to the Court that Defendant failed to produce any requested discovery that was necessary for trial, let alone the personnel file that Plaintiff now asserts was incomplete.  Defendant also represents that a complete copy of Plaintiff's personnel file was produced during discovery, and Defendant never received a deficiency letter regarding missing records.  (DE 91 at 11-12.)  More importantly, Plaintiff's argument does not support a finding of any type of fraud or misconduct.

Second, Plaintiff attempts to re-litigate his case using trial testimony, unintroduced deposition testimony, and other documents in order to connect dots to support his assertion that even though certain documents should have been in his personnel file, they were not.  (DE 88 at 1-2.)  Plaintiff concludes that Defendant's witnesses "conspired" against him.  (DE 88 at 1-2; DE 94.)  Plaintiff does not point to any actual evidence of a conspiracy against him or any evidence that anyone at the VAMC actually tampered with his personnel file.  Plaintiff instead points to a slew of evidence, such as online websites, deposition testimony not presented at trial, trial testimony of Defendant's witnesses, and more, to show inconsistences, which Plaintiff believes disprove the testimony of Defendant's witnesses.  (*See* DE 94.)  However, the jury was presented with the parties' desired evidence and witnesses, and it was their province to make credibility determinations accordingly.  *See Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 725 (2d Cir. 2010) ("[T]he assessment of a witness's credibility is a function reserved for the jury.").  That the jury perhaps found a theory Plaintiff never advanced at trial unpersuasive is unsurprising to say the least.  However, Plaintiff had every opportunity to present his evidence, cross-examine the witnesses, and make his credibility contentions to the jury.

Third, Plaintiff avers that he received ineffective assistance of counsel.  Plaintiff states

that despite his insistence, his trial counsel did not involve him in all aspects of the case

including which witnesses to call, and with respect to certain agreements made with Defendant.

(DE 88 at 2.)  Chief among Plaintiff's grievances is that, without his knowledge, trial counsel

stipulated with Defendant's counsel that the parties would not mention, or present evidence

related to, *inter alia*, Plaintiff's already dismissed sexual harassment and hostile work

environment claims.  (*Id*; *see* DE 63 (stipulation).)

Plaintiff does not provide any evidence to support a finding that his trial counsel acted

fraudulently.  Instead, Plaintiff seems to disagree with his trial counsels' handling of certain

matters.  Those grievances, regardless of how meritorious, do not provide a basis for relief under

Rule 60(b)(3) or, even reading Plaintiff's motion liberally, under Rule 60(b)(1).  "Relief from

counsel's error is usually sought pursuant to Rule 60(b)(1) on the theory that such error

constitutes mistake, inadvertence or excusable neglect." *Webb v. City of New York*, No. 08-CV-

5145 (CBA) (JO), 2010 WL 3394537, at *3 (E.D.N.Y. Aug. 23, 2010) (internal quotation marks

and citations omitted).  However, attorney negligence is not sufficient grounds for relief and "a

person who selects counsel cannot thereafter avoid the consequences of the agent's acts or

omissions." *See Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986) ("Mere dissatisfaction in

hindsight with choices deliberately made by counsel is not grounds for finding the mistake,

inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief.").

Plaintiff's ineffective assistance of counsel argument is misplaced since "a lawyer's

purported shortcomings present no cognizable ground for relief in a civil matter, where the Sixth

Amendment right to counsel does not apply." *Singh v. Home Depot U.S.A., Inc.*, 580 F. App'x

24, 25 (2d Cir. 2014) (summary order).  Moreover, as Plaintiff admits, he became aware of the

subject stipulation the first day of trial when it was mentioned by the undersigned.  (DE 88 at 2.)

Ultimately, he decided not to raise the issue with the Court because his trial counsel supposedly

advised him that mentioning sexual harassment would cause the case to be thrown out.  (DE 88

at 2.)  Nonetheless, Plaintiff had the opportunity to raise the issue with the Court then, or to press

the issue further with his trial counsel but elected not to do so.

Plaintiff has not carried his burden for Rule 60(b)(3) relief, which requires clear and

convincing evidence of fraud or misconduct.  *See Castro v. Bank of New York Mellon*, 852 F.

App'x 25, 30 (2d Cir. 2021) (summary order) ("[U]nsubstantiated assertion[s] do[] not satisfy the

clear-and-convincing standard required to show fraud.").  Plaintiff has not shown any fraud or

misconduct by Defendant, let alone that he lacked the opportunity to present his case fully and

fairly.  The choices of Plaintiff and his trial counsel notwithstanding, Plaintiff had every

opportunity to present witnesses, cross-examine Defendant's witnesses regarding any alleged

inconsistencies, and to introduce evidence to support his case.  (*See* DE 91 at 6-9.)  Accordingly,

Plaintiff's request for relief from the final judgment is denied.

## C.  Rule 59(a)(1)(A) Motion

Pursuant to Rule 59(a)(1)(A) "the court may, on motion, grant a new trial on all or some

of the issues—and to any party . . . after a jury trial, for any reason for which a new trial has

heretofore been granted in an action at law in federal court."  Fed R. Civ P. 59 (a)(1)(A).

"The decision whether to grant a new trial under Rule 59 'is committed to the sound discretion of

the trial judge.'"  *Crews v. Cty. of Nassau*, 149 F. Supp. 3d 287, 292 (E.D.N.Y. 2015) (quoting

*Stoma v. Miller Marine Servs., Inc.*, 271 F. Supp. 2d 429, 431 (E.D.N.Y. 2003)).  "Grounds for

granting a new trial include verdicts that are against the weight of the evidence, substantial errors

in the admission or rejection of evidence, and non-harmless errors in jury instructions, and

verdict sheets." *Sass v. MTA Bus Co.*, 6 F. Supp. 3d 229, 233 (E.D.N.Y.), *adhered to on reconsideration*, 6 F. Supp. 3d 238 (E.D.N.Y. 2014) (internal citations omitted).

"A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Id*. (quoting *Snyder v. N.Y.S. Educ. Dep't*, 486 Fed. Appx. 176, 177 (2d Cir. 2012)); *see also Manley v. AmBase Corp.*, 337 F.3d 237, 245 (2d Cir. 2003) (same). The Court may grant a new trial "even if there is substantial evidence supporting the jury's verdict," however, as the Second Circuit has made clear, the Court "should only grant such a motion when the jury's verdict is '*egregiou*s.'" *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998) (emphasis added).

### i.      Application

In pursuit of a new trial, Plaintiff asserts that the witnesses and arguments presented by Defendant prejudiced the jury such that "the jury was unable to fairly review the credible evidence presented at the trial and render a fair verdict." (DE 88 at 3.) Plaintiff argues that Defendant implied at trial that Plaintiff's harassment complaint was related to Plaintiff taking time off work rather than sexual harassment. (DE 88 at 3.) In Plaintiff's view, Defendant should have informed the jury that Plaintiff's supervisor was made aware that Plaintiff made a complaint about being sexually harassed. (DE 88 at 3.) Plaintiff continues: "It is obvious since the overwhelming evidence, in this case, proved that Plaintiff was left in a hostile work environment and retaliated against and then wrongfully terminated due to the negligence of Defendant, that the defense did not allow the jury to fairly view the evidence and return a fair and just verdict." (DE 88 at 3.)

Plaintiff's arguments not only reflect a misunderstanding of legal process and the law, but they also represent an impermissible attempt to relitigate the merits of the case.  First, Plaintiff fails to point to any evidence showing that Defendant created an implication that Plaintiff filed an EEO complaint because Plaintiff was being harassed for his time and leave practices.  As Defendant states, evidence related to Plaintiff's time and leave was permissible to establish how an almost nine-day absence shortly before Defendant started to review Plaintiff's file explains why Defendant's employees were looking into Plaintiff around the time Plaintiff had filed an EEO complaint.  (DE 91 at 7.)  Plaintiff's trial counsel cross-examined all of the witnesses that testified regarding Plaintiff's time and leave and argued to the jury that Defendant's explanation was not credible.  (DE 91 at 7.)  Plaintiff also did not object to any testimony regarding time and leave.  Thus, Plaintiff's dissatisfaction with that aspect of his employment being presented at trial, is not a basis for claiming prejudice, nor does it warrant a new trial.

Second, Plaintiff's core issue appears to be with his inability to make mention of his already dismissed sexual harassment and hostile work environment claims.  Those claims were clearly dismissed on summary judgment.  (DE 51.)  The parties stipulated that details related to those claims would not be mentioned.  (DE 63.)  Additionally, the exact type of harassment Plaintiff complained of was not materially relevant to the two disputed elements of a Title VII retaliation claim in this case -- whether Plaintiff suffered an adverse action, and whether his EEO complaint was the but-for cause of that action.  (*See* DE 71 at 1 (Joint pretrial order detailing claims and defenses that remain to be tried).)

Plaintiff cannot fabricate prejudice resulting from the strategic decision of his own trial counsel, which stipulated that certain matters would not be raised during trial.  The effect on the mechanics of trial by a stipulation between the parties and of the dismissal of  Plaintiff's prior

claims may not be apparent to Plaintiff.  Nonetheless, a misunderstanding of legal process does

not equate to a miscarriage of justice.  At bottom, Plaintiff  has failed to put forth evidence that

shows that the jury's verdict was egregious or that the verdict was a miscarriage of justice.  (*See*

DE 91 at 6-9.)  Accordingly, Plaintiff's request for a new trial is denied.

## II.    CONCLUSION

For the foregoing reasons, Plaintiff's motions (DE 88; 92) are **DENIED** and Defendant is

directed to serve a copy of this Memorandum and Order upon Plaintiff, and file proof of service

of the same on ECF on or before **May 1, 2023.**

Dated: Central Islip, New York                           **SO ORDERED:**
        April 28, 2023

/S/ *James M. Wicks*
        JAMES M. WICKS
      United States Magistrate Judge